2003 ND 160

**Kathy L. RALSTON, n/k/a Kathy Pedersen, Plaintiff and Appellee,**

v.

**Robert Rex RALSTON, Defendant and Appellant.**

No. 20030104.

Supreme Court of North Dakota.

Oct. 23, 2003.

Kevin J. Chapman of Chapman Law Office, Williston, for defendant and appellant; submitted on brief.

H. Malcolm Pippin of Nilles, Hansen & Davies, Ltd, Williston, for plaintiff and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] Robert Rex Ralston appeals from orders denying his request to require Kathy Pedersen to obtain court permission before changing the residence of their minor child from North Dakota to Montana. We affirm, concluding the district court properly held N.D.C.C. § 14–09–07(2) applied. Pedersen was not required to obtain court permission because Ralston had moved to another state and resided more than fifty miles away from Pedersen at the time she wanted to change the residence.

[¶ 2] Robert Rex Ralston and Kathy Ralston, now known as Kathy Pedersen, were married and have a child. Divorce proceedings were initiated in March 1999. Both parties resided in Williston, North Dakota, at that time. Ralston moved to Brockton, Montana, before the divorce decree was entered in January 2001. Brockton is approximately ninety miles from Williston. After Ralston moved to Brock-

ton, the parties negotiated a settlement agreement and the divorce decree was entered on January 26, 2001. The parties agreed to joint legal custody with Pedersen having primary physical custody and Ralston receiving liberal visitation.

[¶ 3] In January 2003, Pedersen notified Ralston of her intent to relocate to Helena, Montana with their child. Ralston moved the district court to determine whether Pedersen needed a court order or written consent under N.D.C.C. § 14–09–07 before she could change their child's residence. In an order dated February 24, 2003, the district court determined Pedersen was not required to obtain court permission or written consent before moving the child to Montana. The district court applied N.D.C.C. § 14–09–07(2), finding Ralston had moved to another state and resided more than fifty miles away at the time Pedersen desired to change their child's residence to Montana. Ralston moved to vacate this order. The district court reaffirmed its earlier decision in a March 6, 2003 order. Ralston appeals.

[¶ 4] Ralston argues the district court misinterpreted N.D.C.C. § 14–09–07 and, in doing so, frustrates the stated goal of the statute. Pedersen requests costs and attorney's fees on grounds that Ralston's appeal has no basis.

[¶ 5] Statutory interpretation is a question of law fully reviewable on appeal. *McDowell v. Gillie*, 2001 ND 91, ¶ 11, 626 N.W.2d 666. The Court's primary objective is to ascertain legislative intent, which must be sought initially from the language of the statute. *Western Gas Resources v. Heitkamp*, 489 N.W.2d 869, 871 (N.D.1992). In construing a statute, words are to be understood in their ordinary sense. N.D.C.C. § 1–02–02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05; *Hilton v. N.D. Educ. Ass'n*, 2002 ND 209, ¶ 10, 655 N.W.2d 60.

[¶ 6] Generally, a custodial parent may not change the residence of a minor child to another state without a court order. N.D.C.C. § 14–09–07. However, an order is not required if the noncustodial parent consents to the change, or if the noncustodial parent "has moved to another state and is more than fifty miles [80.47 kilometers] from the residence of the custodial parent." N.D.C.C. § 14–09–07(2).

[¶ 7] Ralston argues N.D.C.C. § 14–09–07 is clear and unambiguous. He contends he has not moved since the divorce decree was entered. Therefore, Ralston argues the exception to the statute, set forth in N.D.C.C. § 14–09–07(2), does not apply to him. When a statute is clear and unambiguous, it will not be "interpret[ed] . . . as though language not present should have been added." *Bouchard v. Johnson*, 555 N.W.2d 81, 83 (N.D.1996). In its order, the district court stated, "at the time that [Pedersen] desired to change the residence of the minor child . . . [Ralston] had moved to another state and resided more than fifty miles from the custodial parent." Ralston states he has not moved since entry of the decree and therefore should not be considered to have moved to another state within the meaning of N.D.C.C. § 14–09–07(2). According to Ralston, the district court has added additional language to the statute by including "at the time" in its order. However, it is Ralston's argument that adds language to the statute. He argues the statute requires the custodial parent to obtain court permission unless the noncustodial parent has moved since entry of the custody order. We disagree.

[¶ 8] Ralston's move prior to January 1, 2001, placed him within the ambit of N.D.C.C. § 14-09-07(2). The district court properly concluded Pedersen was not required to obtain a court order or written permission from Ralston before changing the residence of their child. The language of the statute is clear and unambiguous. The statute requires a court order unless the noncustodial parent "has moved to another state." N.D.C.C. § 14-09-07(2). Application of the statute does not depend on the date of the noncustodial parent's move. The statute only requires that the noncustodial parent's change in residence must have previously occurred. Any move by the noncustodial parent is relevant if it occurred before the custodial parent's decision to change residence of the minor child, regardless of whether the move occurred before or after the decree was entered. Ralston has moved within the meaning of N.D.C.C. § 14-09-07(2).

[¶ 9] Pedersen argues Ralston's appeal is frivolous, therefore she is entitled to attorney's fees and costs under N.D.R.App.P. 38. Based on this record, relief under Rule 38, N.D.R.App.P., is not warranted. Pedersen's request is denied.

[¶ 10] We affirm the district court's orders denying Ralston's request to require Pedersen obtain a court order or written consent before changing the residence of their minor child.

[¶ 11] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.