2005 ND 51

**Stephan T. LARSEN, Petitioner and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

No. 20040158.

Supreme Court of North Dakota.

March 4, 2005.

Rehearing Denied April 6, 2005.

William D. Schmidt, Schmitz & Schmidt, Bismarck, ND, for petitioner and appellant.

Andrew Moraghan, Assistant Attorney General, Bismarck, ND, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Stephan Larsen appeals from a district court judgment affirming an order of the North Dakota Department of Transportation ("DOT") suspending his driver's license for a period of two years. We reverse and remand, concluding N.D.C.C. § 39–20–04.1(1) does not authorize a suspension of Larsen's license for two years.

I

[¶ 2] On November 15, 2003, Larsen was arrested for driving under the influence of alcohol. An Intoxilyzer test showed Larsen had a blood alcohol content of .19 percent. Larsen's license had previ-

ously been suspended, while he was a juvenile in 2000, for driving under the influence of alcohol. Larsen had a blood alcohol content of .05 percent in the 2000 incident.

[¶ 3] After receiving notice from DOT that his license would be suspended for the 2003 incident, Larsen requested a hearing. The hearing officer ordered that Larsen's license be suspended for two years under N.D.C.C. § 39–20–04.1(1)(d). Larsen appealed to the district court, arguing that N.D.C.C. § 39–20–04.1(1) only authorized suspension of his license for 365 days. The district court affirmed DOT's order suspending his license for two years, and Larsen has appealed to this Court.

II

[¶ 4] Judicial review of a decision to suspend a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Kiecker v. North Dakota Dep't of Transp.*, 2005 ND 23, ¶ 7, 691 N.W.2d 266. Under N.D.C.C. § 28–32–46, the district court must affirm an order of an administrative agency unless it finds any of the following are present:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address

the evidence presented to the agency by the appellant.

8.  The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On an appeal from a district court's ruling on an administrative appeal, this Court reviews the agency order in the same manner. N.D.C.C. § 28–32–49; *Ringsaker v. Workforce Safety & Ins. Fund,* 2005 ND 44, ¶ 9.

[¶ 5] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *Johnson v. North Dakota Dep't of Transp.,* 2004 ND 148, ¶ 5, 683 N.W.2d 886. When an appeal involves interpretation of a statute, this Court will affirm the agency's order unless it finds that the order is not in accordance with the law. *Id.*

### III

[¶ 6] The sole issue presented on appeal is whether N.D.C.C. § 39–20–04.1(1) authorizes a two-year suspension of Larsen's license under the facts of this case. Larsen concedes a suspension of his license is appropriate, but argues the suspension should be for only 365 days.

[¶ 7] Section 39–20–04.1(1), N.D.C.C., authorizes the director of DOT to suspend an operator's license when a person has driven while under the influence of alcohol:

a.  For ninety-one days if the person's driving record shows that, within the five years preceding the date of the arrest, the person has not previously violated section 39–08–01 or equivalent ordinance or the person's operator's license has not previously been suspended or revoked under this chapter and the violation was for an alcohol concentration of at least eight one-hundredths of one percent by weight and under eighteen one-hundredths of one percent by weight.

b.  For one hundred eighty days if the operator's record shows the person has not violated section 39–08–01 or equivalent ordinance within five years preceding the last violation and the last violation was for an alcohol concentration of at least eighteen one-hundredths of one percent by weight.

c.  For three hundred sixty-five days if the person's driving record shows that, within the five years preceding the date of the arrest, the person has once previously violated section 39–08–01 or equivalent ordinance or the person's operator's license has once previously been suspended or revoked under this chapter with the last violation or suspension for an alcohol concentration under eighteen one-hundredths of one percent by weight.

d.  For two years if the person's driving record shows that within the five years preceding the date of the arrest, the person's operator's license has once been suspended, revoked, or issuance denied under this chapter, or for a violation of section 39–08–01 or equivalent ordinance for an alcohol concentration at least eighteen one-hundredths of one percent by weight or if the person's driving record shows that within the five years preceding the date of arrest, the person's operator's license has at least twice previously been suspended, revoked, or issuance denied under this chapter, or for a violation of section 39–08–01 or equivalent ordinance, or any combination thereof, and the suspensions, revocations, or

denials resulted from at least two separate arrests with the last violation or suspension for an alcohol concentration of under eighteen one-hundredths of one percent by weight.

   e. For three years if the operator's record shows that within five years preceding the date of the arrest, the person's operator's license has at least twice previously been suspended, revoked, or issuance denied under this chapter, or for a violation of section 39–08–01 or equivalent ordinance, or any combination thereof, and the suspensions, revocations, or denials resulted from at least two separate arrests and the last violation or suspension was for an alcohol concentration of at least eighteen one-hundredths of one percent by weight.

[¶ 8] Larsen's Intoxilyzer test showed a blood alcohol content of over .18 percent. He also had a prior suspension for an offense with a blood alcohol content of .05 percent. DOT argues that this falls within the first part of N.D.C.C. § 39–20–04.1(1)(d), and authorizes a two-year suspension of Larsen's license.

[¶ 9] The portion of the statute relied upon by DOT authorizes a two-year suspension of an operator's license

> if the person's driving record shows that within the five years preceding the date of the arrest, the person's operator's license has once been suspended, revoked, or issuance denied under this chapter, or for a violation of section 39–08–01 or equivalent ordinance for an alcohol concentration at least eighteen one-hundredths of one percent by weight....

DOT argues that the statute is inartfully drafted, but essentially concedes that, if read literally, this provision focuses upon the blood alcohol content of the prior offense, not the current offense. However, DOT argues that, to make the entire statute logically consistent, we should read additional punctuation and language into the statute so that a two-year suspension is authorized when a person has a prior suspension and the current offense involves a blood alcohol content of .18 percent or greater. Specifically, DOT argues we should add a comma and the words "with the last violation" after the words "equivalent ordinance" in the first part of N.D.C.C. § 39–20–04.1(1)(d), so that the relevant portion of the statute would read:

> For two years if the person's driving record shows that within the five years preceding the date of the arrest, the person's operator's license has once been suspended, revoked, or issuance denied under this chapter, or for a violation of section 39–08–01 or equivalent ordinance[, *with the last violation*] for an alcohol concentration at least eighteen one-hundredths of one percent by weight....

[¶ 10] DOT is asking this Court to rewrite the statute for the legislature. This Court's primary objective when interpreting a statute, however, is to ascertain the legislative intent, which must be sought initially from the language of the statute itself. *E.g., State v. Higgins,* 2004 ND 115, ¶ 13, 680 N.W.2d 645; *Ralston v. Ralston,* 2003 ND 160, ¶ 5, 670 N.W.2d 334; *Kjolsrud v. MKB Mgt. Corp.,* 2003 ND 144, ¶ 7, 669 N.W.2d 82. If the language of a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit, because legislative intent is presumed clear from the face of the statute. N.D.C.C. § 1–02–05; *Ralston,* at ¶ 5; *Kjolsrud,* at ¶ 7.

[¶ 11] We have specifically held that "[t]his Court will not add words or additional meaning to a statute." *First Union Nat'l Bank v. RPB 2, LLC*, 2004 ND 29, ¶ 17, 674 N.W.2d 1; *see also Haggard v. Meier*, 368 N.W.2d 539, 541 (N.D. 1985). The challenged language of N.D.C.C. § 39–20–04.1(1)(d) is plain on its face, and provides for a two-year suspension if the operator's license has previously been suspended, revoked, or issuance denied "for an alcohol concentration at least eighteen one-hundredths of one percent by weight." The language clearly indicates a two-year suspension is authorized if the prior offense, not the current offense, involved a blood alcohol content of .18 percent or greater. We cannot ignore the plain language of the statute under the pretext of pursuing some unexpressed legislative intent, nor can we add words or phrases which the legislature did not include. In construing a statute, we must presume the legislature said all that it intended to say. *Selzler v. Selzler*, 2001 ND 138, ¶ 18, 631 N.W.2d 564; *Johnson v. North Dakota Workers' Comp. Bureau*, 539 N.W.2d 295, 298 (N.D.1995).

[¶ 12] We decline DOT's invitation to rewrite the statute, and we conclude that N.D.C.C. § 39–20–04.1(1)(d) does not authorize a two-year suspension under the facts of this case. Because Larsen concedes he is subject to a 365–day suspension under N.D.C.C. § 39–20–04.1(1)(c), which is the next-longest suspension available under the statute, we need not address application of the other parts of the statute.

## IV

[¶ 13] We reverse the judgment affirming DOT's order suspending Larsen's license for two years, and we remand for entry of judgment reversing DOT's order and directing entry of an order suspending Larsen's license for 365 days.

[¶ 14] MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

GERALD W. VANDE WALLE, C.J.

I concur in the result.