2015 ND 65

**Kimberly Jean EGGERS, Plaintiff and Appellee**

v.

**Timothy John EGGERS, Defendant and Appellant.**

No. 20140165.

Supreme Court of North Dakota.

March 24, 2015.

Lawrence P. Kropp, Jamestown, ND, for plaintiff and appellee; submitted on brief.

Joanne H. Ottmar, Jamestown, ND, for defendant and appellant; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Timothy Eggers appealed a divorce judgment awarding spousal support and primary residential responsibility to Kimberly Eggers, establishing child support, and permitting the move of the parties' children from Ohio to North Carolina. We affirm.

I

[¶ 2] Timothy Eggers and Kimberly Eggers were married in 2002 and were residents of North Dakota. They have three minor children. Kimberly Eggers filed for divorce in 2012. She received education and training as a cosmetologist, and worked in that profession until 2008, after which both parties agreed she would be a stay-at-home mother to their three children. She does not plan to return to work as a cosmetologist due to the cost of retraining/certification and a sensitivity to chemicals used in that profession. She expressed interest in seeking a college degree in American Sign Language.

[¶ 3] From 1998 until 2013, Timothy Eggers worked for Dakota Central Telecommunications installing phone, cable, and line services for homes and businesses. He now works for Pinnacle West in Fargo, North Dakota. Kimberly Eggers's annual income when working was considerably less than his income.

[¶ 4] In 2009, both parties agreed to allow Kimberly Eggers to relocate their children from North Dakota to Ohio where her parents lived and could assist in child care. Over the next three years, she and the children would return to North Dakota and move back to Ohio several times. After filing for divorce, she requested and received consent from Timothy Eggers to move the children to Ohio. His understanding was the move would only last until the divorce was finalized. In 2013, the parties' home in Jamestown was sold and Timothy Eggers moved into an apartment in Minnesota with the intent of obtaining an apartment in North Dakota after the divorce. Kimberly Eggers, in her parenting plan, requested changing the children's residence from Ohio to North Carolina due to the planned move of her father. Timothy Eggers testified he had revoked his consent to the Ohio move and opposed the move to North Carolina.

[¶ 5] The district court awarded Kimberly Eggers primary residential responsibility of the children, ordered child support, and ordered spousal support to be used toward receiving a college degree. The district court declined to issue an order to change residence because Timothy Eggers lived outside of North Dakota and was not entitled to an order. On appeal, Timothy Eggers argues the district court erred in determining no court order was necessary to move the minor children to North Carolina, failed to apply the *Stout–Hawkinson* factors in this case, and in the award of spousal support.

II

[¶ 6] Timothy Eggers argues the district court erred in misinterpreting N.D.C.C. § 14-09-07 by determining a court order was not necessary for Kimber-

ly Eggers to move their children to North Carolina. "A district court's decision on relocation is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous." *Gilbert v. Gilbert,* 2007 ND 66, ¶ 6, 730 N.W.2d 833. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, no evidence exists to support it, or if, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made." *Seay v. Seay,* 2012 ND 179, ¶ 6, 820 N.W.2d 705.

■ [¶ 7] Statutory interpretation is a fully reviewable question of law, and our primary objective is to ascertain legislative intent from the plain, ordinary and commonly understood meaning of the statute's language. *Burke v. State,* 2012 ND 169, ¶ 18, 820 N.W.2d 349. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." *In re S.B.,* 2014 ND 87, ¶ 17, 845 N.W.2d 317 (citing N.D.C.C. § 1–02–02). "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

■ [¶ 8] Section 14–09–07, N.D.C.C., states:

1. A parent with primary residential responsibility for a child may not change the primary residence of the child to another state except upon order of the court or with the consent of the other parent, if the other parent has been given parenting time by the decree.

2. A parent with equal residential responsibility for a child may not change the residence of the child to another state except with consent of

the other parent or order of the court allowing the move and awarding that parent primary residential responsibility.

3. A court order is not required if the other parent:

   a. Has not exercised parenting time for a period of one year; or

   b. Has moved to another state and is more than fifty miles [80.47 kilometers] from the residence of the parent with primary residential responsibility.

Relying on N.D.C.C. § 14–09–07(3), the district court determined Timothy Eggers had moved to the state of Minnesota, and because Kimberly Eggers's residence in Ohio was more than fifty miles away from his residence, a court order was not required to permit relocation. Citing to *Ralston v. Ralston,* 2003 ND 160, ¶ 8, 670 N.W.2d 334, Timothy Eggers argues this Court has previously determined that a parent without primary residential responsibility must change his or her residence for N.D.C.C. § 14–09–07(3) to apply, and under N.D.C.C. § 54–01–26(7), a change of residence of that parent requires the union of act and intent. Because he never intended to permanently reside in Minnesota, he contends his residence did not change and N.D.C.C. § 14–09–07(3) does not apply. We disagree.

[¶ 9] In *Estate of Burshiem,* 483 N.W.2d 175, 180 (N.D.1992), we stated:

A person may have two or more physical residences, as distinguished from that person's legal residence that is the person's domicile. *Dietz v. City of Medora,* 333 N.W.2d 702, 704 (N.D.1983). Domicile is synonymous with residence "in law." N.D.C.C. 54–01–26; *B.R.T. v. Executive Director of Social Service Board,* 391 N.W.2d 594, 598 (N.D.1986). Since domicile and legal residence are synony-

mous, the statutory rules for determining the place of residence are the rules for determining domicile. Under N.D.C.C. 54–01–26(2) and (7), there can be only one domicile, and a domicile can be changed only by the union of act and intent.

There remains a clear distinction between a person's legal residence, and the physical residence the person currently occupies.

[¶ 10] In *Ralston*, we considered the timing of an out-of-state move by a parent without primary residential responsibility prior to issuance of a divorce decree, and whether the move fell within the ambit of N.D.C.C. § 14–09–07(2). 2003 ND 160, ¶¶ 2, 8, 670 N.W.2d 334. In that case, this Court did use the term "change in residence," but we interchangeably used it with "move" when considering a noncustodial parent's relocation. While we used the term "change in residence," it was not intended to define the term "move" as used in the statute since that was not the issue before us. Section 14–09–07(1), N.D.C.C., requires a court order unless the other parent has moved to another state and is more than fifty miles from the residence of the parent with primary residential responsibility. The statute does not require a parent change his or her legal residence to eliminate the need for a court order, only that a parent move outside the state to a location more than fifty miles from the parent with primary residential responsibility. In contrast, the statute does invoke the term "primary residence" in reference to both the child and parent with primary residential responsibility.

[¶ 11] The factual circumstances of *Ralston* are thus distinguishable from this case. While addressing the same statute, *Ralston* was concerned with the actual timing of the move, not the move itself. The language of N.D.C.C. § 14–09–07(3) is clear and unambiguous. The term "primary residence" is not included in describing the parent without primary residential responsibility, and we decline to interpret the term "move" as a change in residence requiring both action and intent. As Timothy Eggers had moved outside of North Dakota, regardless of intent, he has moved within the meaning of N.D.C.C. § 14–09–07(3)(b). Because the district court correctly determined the application of N.D.C.C. § 14–09–07(3), we need not consider application of the *Stout–Hawkinson* factors in this case.

### III

[¶ 12] Timothy Eggers argues the district court erred in awarding spousal support. He argues the district court did not consider the needs of the spouse seeking support or the supporting spouse's needs and ability to pay. He contends his income and expenses do not allow for an award of $600 per month, and Kimberly Eggers's financial affidavit outlining her expenses do not justify her need.

[¶ 13] "Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for any period of time." N.D.C.C. § 14–05–24.1. "An award of spousal support is a finding of fact that will not be set aside on appeal unless clearly erroneous." *Duff v. Kearns–Duff*, 2010 ND 247, ¶ 13, 792 N.W.2d 916. "In determining if an award of spousal support is appropriate, a district court must consider the relevant factors under the *Ruff–Fischer* guidelines." *Id.* at ¶ 14. The district court must also consider the "supporting spouse's needs and ability to pay as well as the receiving spouse's income and needs." *Gustafson v. Gustafson*, 2008 ND 233, ¶ 6, 758 N.W.2d 895.

[¶ 14] The district court analyzed each of the *Ruff–Fischer* guidelines and award-

ed Kimberly Eggers $600 per month for seven years in rehabilitative spousal support to pursue a degree and be well established in her career. At trial, Kimberly Eggers testified on her expected needs and expenses. Timothy Eggers provided evidence through financial affidavits as to his needs and ability to pay. The district court specifically found that he had an ability to pay, and the award for rehabilitative spousal support was necessary "to finance an education." We understand the basis for the district court's decision, and there is evidence in the record to support the court's decision to award Kimberly Eggers rehabilitative spousal support to achieve a college degree and become self-supporting. Under our deferential standard of review, the district court's award was not clearly erroneous.

### IV

[¶ 15] We affirm the district court's judgment.

[¶ 16] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.