2005 ND 23

Tige Matthew KIECKER, Plaintiff and Appellee

v.

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellant.

No. 20040150.

Supreme Court of North Dakota.

Jan. 19, 2005.

Thomas A. Dickson (on brief), Dickson & Purdon, and Chad R. McCabe (argued), Vinje Law Firm, Bismarck, N.D., for plaintiff and appellee.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] The North Dakota Department of Transportation ("Department") appeals a district court judgment reversing an administrative hearing officer's decision to suspend the driving privileges of Tige Kiecker for driving under the influence of alcohol. The central issue of this appeal is whether proof of recalibration of an Intoxilyzer after it has been moved is required foundation for the admission of test results from the device. We conclude that it is not, and we therefore reverse the district court judgment and reinstate the hearing officer's decision.

## I

[¶ 2] LaMoure County Sheriff's Deputy Bradley Devig arrested Kiecker for driving under the influence of intoxicating liquor. Kiecker was taken to the LaMoure County Sheriff's Department, where an Intoxilyzer breath test indicated he had an alcohol concentration of 0.22 percent by weight. Kiecker was given a temporary operator's permit, and he subsequently requested an administrative hearing.

[¶ 3] During the administrative hearing, the deputy testified to the circumstances of the stop and arrest of Kiecker. The deputy testified that he is certified to use the Intoxilyzer 5000 KB–EP, that he is familiar with the approved method for conducting a breath test, and that he followed the approved method. The Department offered, among other documents, the list of certified operators, the list of approved devices, the approved method for using the Intoxilyzer 5000 KB–EP, the standard solution certificate, the test record and checklist for the driver, and the 120–I page. Kiecker objected to the introduction of the 120–I page, which is used to verify how many tests have used the solution, as hearsay, and objected to the test record and checklist for the driver on the basis of lack of foundation. Kiecker provided the hearing officer a partial transcript of an unrelated criminal case in which a North Dakota district court had not admitted an Intoxilyzer test report on the basis of lack of foundation.

[¶ 4] The hearing officer overruled the objections, ruling that the test had been "given on an approved unit by [a] certified operator, utilizing the approved method,"

and suspended Kiecker's license for 180 days.

[¶ 5] Kiecker appealed the decision to the district court, arguing the hearing officer incorrectly ruled on his objections. The district court affirmed the hearing officer's ruling that allowed the 120–I form, but reversed the admission of the Intoxilyzer test record. Although it had not been presented at the administrative hearing, the district court obtained a document from the case file of an unrelated criminal case and used the document, the "Installation and Repair Checkout" form, in its analysis, attaching a copy to its memorandum opinion. The district court ruled:

> This Court holds that in order to introduce the results of the [I]ntoxilyzer test, where the machine has been moved, there must be proof that the machine was recalibrated in accordance with the Installation and Repair Check out form prepared by State Toxicologist's Office. This was not done. The decision of the Hearing Officer is reversed.

The district court reasoned that an Intoxilyzer has to be recalibrated after it has been moved from the toxicology lab, because the State Toxicologist has a detailed form to make sure the machine is working properly. The district court ordered Kiecker's driver's license reinstated. The Department appeals the district court judgment.

[¶ 6] Kiecker timely requested an administrative hearing, and the hearing officer had jurisdiction under N.D.C.C. § 39–20–05. The notice of appeal from the administrative agency decision to the district court was properly filed within seven days under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D.C.C. § 39–20–06. The notice of appeal from the district court judgment was timely under N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–32–21.

## II

[¶ 7] The review of a decision to suspend a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Knoll v. N.D. Department of Transportation*, 2002 ND 84, ¶ 6, 644 N.W.2d 191. The district court, under N.D.C.C. § 28–32–46, and this Court, under N.D.C.C. § 28–32–49, are required to affirm an agency's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 8] On appeal, courts "must review an appeal from the determination of an administrative agency based only on the record filed with the court." N.D.C.C. § 28–32–46. When reviewing an adminis-

trative agency's factual findings, "we do not make independent findings of fact or substitute our judgment for that of the agency." *Knoll*, 2002 ND 84, ¶ 6, 644 N.W.2d 191 (citations omitted). We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). "An agency's decisions on questions of law are fully reviewable." *Huff v. Board of Medical Examiners*, 2004 ND 225, ¶ 8, 690 N.W.2d 221.

### III

■ [¶ 9] The method for accepting the results of a chemical test into evidence is set forth in statute:

> The results of the chemical analysis must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the state toxicologist, and by an individual possessing a certificate of qualification to administer the test issued by the state toxicologist.

N.D.C.C. § 39–20–07(5). To show a breath test was fairly administered, certain foundational requirements are necessary.

> The foundational requirements ... may be met either through testimony of the state toxicologist or through the introduction of certified copies of approved methods and techniques filed by the state toxicologist with the clerk of the district court pursuant to N.D.C.C. § 39–20–07. Absent testimony by the state toxicologist, the foundational requirements necessary to show fair administration of a breathalyzer test and

admissibility of the test results is a showing that the test was administered in accordance with the approved methods filed with the clerk of the district court. Thus, reliability and accuracy of the results are established by demonstrating compliance with the methods adopted by the state toxicologist. Because the statute permits admission of such evidence without expert witness testimony to establish accuracy and reliability, all the requirements of the statute must be scrupulously met to ensure a uniform basis of testing throughout the State and fair administration.

*Knoll*, 2002 ND 84, ¶ 8, 644 N.W.2d 191 (citations omitted). The approved methods filed by the State Toxicologist with the county recorder include:

> a. An annual register of the specific testing devices currently approved, including serial number, location, and the date and results of last inspection.
>
> b. An annual register of currently qualified and certified operators of the devices, stating the date of certification and its expiration.
>
> c. The operational checklist and forms prescribing the methods currently approved by the state toxicologist in using the devices during the administration of the tests.
>
> The material filed under this section may be supplemented when the state toxicologist determines it to be necessary, and any supplemental material has the same force and effect as the material that it supplements.

N.D.C.C. § 39–20–07(6). "Copies of the records referred to in subsections 5 and 6, certified by the recorder, or designated official, must be admitted as prima facie evidence of the matters stated in the records." N.D.C.C. § 39–20–07(7). One of the purposes of the statutory regulation is

to ease the burden on the prosecution in laying an evidentiary foundation for a blood-alcohol report. *State v. Jordheim,* 508 N.W.2d 878, 881 (N.D.1993). "The statute balances procedural efficiency and scientific reliability by allowing scrupulously completed documents as evidence in lieu of lengthy testimony." *Id.* Rule 901(b)(10), N.D.R.Ev., reflects the legislature's directive to streamline the authentication of alcohol-test evidence. *Id.*

[¶ 10] Properly completed and certified documents can fulfill the foundational elements to admit a blood-alcohol report. *Jordheim,* 508 N.W.2d at 881. Under the statute, testimony disputing the facts contained in properly completed documents will generally affect the weight given to the test, not its admissibility. *Id.* If, however, "the documentary evidence and the testimony of the participants in administering the test do not show scrupulous compliance with the methods approved by the State Toxicologist, the statutory mode of authentication cannot be used." *Id.* at 882.

[¶ 11] Kiecker's assertion that the hearing officer erred because the Department failed to show the Intoxilyzer machine was recalibrated after it was moved is misplaced. "For a process to be a necessary part of the approved method, the State Toxicologist must expressly include it in the approved methodology and make it a part of the requirement for fair administration." *City of Bismarck v. Bosch,* 2005 ND 12, ¶ 9. The Department was not required to furnish the hearing officer with a recalibration certificate to prove the Intoxilyzer test was fairly administered, because the recalibration of an Intoxilyzer machine after it has been moved is not expressly included in the prescribed methods provided by the State Toxicologist.

[¶ 12] During the administrative hearing, Kiecker introduced a partial transcript of an unrelated trial court case in which the trial court held that the State must show an additional step of installation when the State Toxicologist installs an Intoxilyzer at a different location from where it was originally tested. Kiecker did not introduce any of the exhibits that were vital to the trial court's unrelated decision, nor did he introduce any exhibits showing additional steps the State Toxicologist might take in recalibrating an Intoxilyzer after it has been moved from its original testing location. Kiecker acknowledges that the recalibration sheet is not part of the prescribed method and is not required under N.D.C.C. § 39–20–07(6). Unless "the State Toxicologist includes in the approved method ... a specific reference to a supplemental filing, stating that it is a required part of the approved method for fair administration of a test, we will not infer that a filed document is part of the foundational requirement for proving fair administration." *Bosch,* 2005 ND 12, ¶ 11.

[¶ 13] The Department introduced certified copies required by statute, including the list of approved chemical testing devices containing the Intoxilyzer used to test Kiecker. The list indicated that the Intoxilyzer was tested at the Department of Health Toxicology Lab and noted that the location of the device at the time of inspection does not restrict its use at other locations. The State Toxicologist has not made the recalibration of Intoxilyzer machines part of the prescribed method, and it is not required under statute; therefore, to lay a proper foundation for the admission of the Intoxilyzer test, the Department was not required to show the instrument had been recalibrated.

## IV

[¶ 14] We conclude the test was properly admitted. The judgment of the district court is reversed and the hearing

officer's order suspending Kiecker's driving privileges for 180 days is reinstated.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.