2005 ND 62

**Michael Jay DOLL, Petitioner and Appellee**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

No. 20040188.

Supreme Court of North Dakota.

March 23, 2005.

Timothy Q. Purdon (argued) and Thomas A. Dickson (on brief), Dickson & Purdon, Bismarck, N.D., for petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Bismarck, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1]   The North Dakota Department of Transportation ("the Department") appealed from a district court judgment reversing the decision of a hearing officer to suspend Michael Doll's driver's license. We reverse, concluding the results of Doll's Intoxilyzer test were properly admitted.

I

[¶ 2]   Doll was arrested for driving under the influence of alcohol on November 23, 2003.   He was taken to the Dickinson Police Department, where he submitted to an Intoxilyzer test.   The Intoxilyzer showed Doll's blood alcohol content was .10 percent.

[¶ 3]   After receiving notice that his driver's license would be suspended, Doll requested a hearing.   At the hearing, the Department attempted to introduce a photocopy of a Form 120–I to show that the standard solution used during Doll's Intoxilyzer test was less than 45 days old and had been used for fewer than 50 tests. The Form 120–I was a listing of all chemical tests that had been conducted using the same standard solution used in Doll's test. Doll objected to introduction of the Form 120–I, claiming it was inadmissible hearsay and had not been properly authenticated.

The hearing officer overruled Doll's objections and admitted the Form 120–I and the Intoxilyzer test results. The hearing officer ordered that Doll's license be suspended for 91 days.

[¶ 4] Doll appealed to the district court. The district court ruled there was insufficient foundation to admit the chemical test evidence, and reversed the hearing officer's decision suspending Doll's license. The Department appealed to this Court, arguing the hearing officer did not abuse his discretion in admitting the Form 120–I and the results of Doll's Intoxilyzer test.

[¶ 5] Doll timely requested an administrative hearing, and the hearing officer had jurisdiction under N.D.C.C. § 39–20–05. The notice of appeal from the administrative agency decision to the district court was properly filed within seven days under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D.C.C. § 39–20–06. The notice of appeal from the district court judgment was timely under N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–32–49.

## II

[¶ 6] Judicial review of a decision to suspend a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Kiecker v. North Dakota Dep't of Transp.*, 2005 ND 23, ¶ 7, 691 N.W.2d 266. Under N.D.C.C. § 28–32–46, the district court must affirm an order of an administrative agency unless it finds any of the following are present:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On an appeal from a district court's ruling on an administrative appeal, this Court reviews the agency order in the same manner. N.D.C.C. § 28–32–49; *Ringsaker v. Workforce Safety & Ins. Fund,* 2005 ND 44, ¶ 9, 693 N.W.2d 14.

[¶ 7] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *Johnson v. North Dakota Dep't of Transp.*, 2004 ND 148, ¶ 5, 683 N.W.2d 886. When an appeal involves interpretation of a statute, this Court will affirm the agency's order unless it finds that the order is not in accordance with the law. *Id.*

## III

[¶ 8] Doll contends the hearing officer erred in admitting the results of his Intoxilyzer test because the Department failed to present admissible evidence that the standard solution used for his test was less than 45 days old and had been used in fewer than 50 prior tests, as required by the State Toxicologist's guidelines.

[¶ 9] Admissibility of chemical test results of a driver's blood alcohol content is governed by N.D.C.C. § 39–20–07. Under N.D.C.C. § 39–20–07(5), the results of a chemical analysis must be received in evidence if the sample was properly obtained, the test was fairly administered, and the test is shown to have been performed according to methods and with devices approved by the State Toxicologist. *City of Grand Forks v. Scialdone*, 2005 ND 24, ¶ 6, 691 N.W.2d 198; *City of Bismarck v. Bosch*, 2005 ND 12, ¶ 6, 691 N.W.2d 260. Absent testimony by the State Toxicologist, the foundation necessary to show fair administration of the test and admissibility of the test results may be established by proof that the test was administered in accordance with the approved method filed with the clerk of the district court. *Bosch*, at ¶ 6. The term "approved method" has become a term of art, and refers to the document filed by the State Toxicologist under N.D.C.C. § 39–20–07(5) and (6) showing the operational checklist and prescribing the methods currently approved by the State Toxicologist for administration of the test. *Bosch*, at ¶ 10.

[¶ 10] A document entitled "Approved Method to Conduct Breath Tests with the Intoxilyzer 5000 KB–EP," issued by the State Toxicologist, was offered and admitted into evidence in this case. In addition, the Department also introduced a "Standard Solution Analytical Report," signed by the State Toxicologist, for the standard solution used in Doll's Intoxilyzer test. In addition to certifying the validity of the standard solution, the Standard Solution Analytical Report stated: "Each bottle of solution may be used on up to 50 Intoxilyzer 5000 tests or forty-five (45) days, whichever comes first."

[¶ 11] Doll's challenge to the admissibility of the Intoxilyzer test result is premised entirely upon his contention that the 50–test, 45–day guideline set out in the Standard Solution Analytical Report is part of the State Toxicologist's "approved method." We rejected an identical argument in *Bosch*, 2005 ND 12, ¶¶ 9, 11, 691 N.W.2d 260:

The approved method states "[w]hen the test is conducted according to this method, it is considered as fairly administered and the result obtained is scientifically accepted as accurate." The State Toxicologist filed a standard solution analytical report verifying the standard solution used for Bosch's test was quantitatively tested and met the required concentration for accurate testing. There is nothing in the statute or the State Toxicologist's approved method limiting the number of tests per bottle of solution as a prerequisite to fair administration of the test. We will not infer from the advisory statement in the analytical report that using a standard solution for no more than 50 tests is a necessary part of the approved method for proving fair administration of a test. For a process to be a necessary part of the approved method, the State Toxicologist must expressly include it in the approved methodology and make it a part of the requirement for fair administration. The State Toxicologist has not expressly made the "up to 50 tests" directive a part of the approved method, and we will not infer that it is a requirement for fair administration of a test.

. . . .

Under N.D.C.C. § 39–20–07(6), the State Toxicologist may supplement material filed under that section, including the register of approved testing devices, the register of qualified certified operators, and the operational checklist and forms. The supplemental materials have the "same force and effect as the

material that it supplements." Unless, however, the State Toxicologist includes in the approved method which is filed with the appropriate entity a specific reference to a supplemental filing, stating that it is a required part of the approved method for fair administration of a test, we will not infer that a filed document is part of the foundational requirement for proving fair administration. Consequently, we conclude the analytical report and the directive therein that a standard solution may be used for up to 50 tests is not a part of the approved method and proof of that fact is not a prerequisite to showing fair administration of the test or to admission of the test results.

*See also Scialdone*, 2005 ND 24, ¶ 7, 691 N.W.2d 198; *Kiecker v. North Dakota Dep't of Transp.*, 2005 ND 23, ¶ 11, 691 N.W.2d 266.

[¶ 12] The Department established a proper foundation for admission of the Intoxilyzer test results by showing the test was performed in accordance with the approved method. We therefore conclude the hearing officer did not abuse his discretion by admitting the Intoxilyzer test results into evidence.

### IV

[¶ 13] We reverse the district court judgment and reinstate the hearing officer's suspension of Doll's license for 91 days.

[¶ 14] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 15] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.