2005 ND APP 4

**CITY OF GRAND FORKS,**
**Plaintiff and Appellee**

v.

**Steven Lee BARNUM, Defendant**
**and Appellant.**

**No. 20040323CA.**

Court of Appeals of North Dakota.

May 19, 2005.

Gary E. Euren, City Prosecutor, Grand Forks, N.D., for plaintiff and appellee.

Alexander F. Reichert, Grand Forks, N.D., for defendant and appellant.

PER CURIAM.

[¶ 1]   Steven Lee Barnum appealed from a criminal judgment entered on a

jury verdict of guilty to a charge of driving under the influence of intoxicating liquor. We affirm.

I

[¶ 2] Barnum was arrested for driving under the influence of intoxicating liquor in Grand Forks on March 28, 2004. An Intoxilyzer test indicated that Barnum had a blood alcohol level of .16 percent. Barnum was found guilty after a jury trial, and has raised the following issue on appeal:

The trial court erred in admitting the Intoxilyzer test results because the foundational requirements showing that the test was administered in accordance with the State Toxicologist's approved method were not met.

Barnum contends the City did not carry its burden to show fair administration of the Intoxilyzer test because "a copy of the operational checklist, was not admitted, and, therefore, the foundational requirements were not met." The City of Grand Forks contends "[t]he current machine has an external printer (EP) and does not require a separate form because the external printer prints everything, including the checklist."

II

[¶ 3] Section 39–20–07, N.D.C.C., provides for the admissibility of chemical test results:

5. The results of the chemical analysis must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the state toxicologist, and by an individual possessing a certificate of qualification to admin-

ister the test issued by the state toxicologist. . . .

6. . . . Upon approval of the methods or devices, or both, required to perform the tests and the persons qualified to administer them, the state toxicologist shall prepare and file written record of the approval with the director and the recorder in each county, unless the board of county commissioners designates a different official, and shall include in the record:

a. An annual register of the specific testing devices currently approved, including serial number, location, and the date and results of last inspection.

b. An annual register of currently qualified and certified operators of the devices, stating the date of certification and its expiration.

c. The operational checklist and forms prescribing the methods currently approved by the state toxicologist in using the devices during the administration of the tests.

The material filed under this section may be supplemented when the state toxicologist determines it to be necessary, and any supplemental material has the same force and effect as the material that it supplements.

[¶ 4] In a case involving an Intoxilyzer 5000 KB–EP machine like the one used in this case, the North Dakota Supreme Court has recently addressed the admissibility of chemical test results of a driver's blood alcohol content under N.D.C.C. § 39–20–07:

Admissibility of chemical test results of a driver's blood alcohol content is governed by N.D.C.C. § 39–20–07. Under N.D.C.C. § 39–20–07(5), the results of a chemical analysis must be received in evidence if the sample was properly

obtained, the test was fairly administered, and the test is shown to have been performed according to methods and with devices approved by the State Toxicologist. *City of Grand Forks v. Scialdone*, 2005 ND 24, ¶ 6, 691 N.W.2d 198; *City of Bismarck v. Bosch*, 2005 ND 12, ¶ 6, 691 N.W.2d 260. Absent testimony by the State Toxicologist, the foundation necessary to show fair administration of the test and admissibility of the test results may be established by proof that the test was administered in accordance with the approved method filed with the clerk of the district court. *Bosch*, at ¶ 6. The term "approved method" has become a term of art, and refers to the document filed by the State Toxicologist under N.D.C.C. § 39–20–07(5) and (6) showing the operational checklist and prescribing the methods currently approved by the State Toxicologist for administration of the test. *Bosch*, at ¶ 10.

*Doll v. North Dakota Dep't of Transp.*, 2005 ND 62, ¶ 9, 693 N.W.2d 627. *See also City of Grand Forks v. Scialdone*, 2005 ND 24, 691 N.W.2d 198; *Kiecker v. North Dakota Dep't of Transp.*, 2005 ND 23, 691 N.W.2d 266; *City of Bismarck v. Bosch*, 2005 ND 12, 691 N.W.2d 260.

[¶ 5] As the Supreme Court recently recognized, "[f]or a process to be a necessary part of the approved method, the State Toxicologist must expressly include it in the approved methodology and make it a part of the requirement for fair administration." *Bosch*, 2005 ND 12, ¶ 9, 691 N.W.2d 260. In *Scialdone*, 2005 ND 24, ¶ 2, 691 N.W.2d 198, a driver objected to introduction of an Intoxilyzer test result because the machine used was actually certified in Bismarck, rather than in Grand Forks where he was tested, and " '[t]he intoxilyzer training manual says any time the intoxilyzer is moved it has to be recalibrated by a field inspector.' " The Supreme Court ruled:

Neither N.D.C.C. § 39–20–07(5) nor the approved method promulgated by the State Toxicologist mentions either the student manual or anything about completing checks on the calibration when an Intoxilyzer 5000 machine is moved. We conclude that evidence of such checks is not a foundational requirement for showing an Intoxilyzer 5000 test was administered in accordance with the approved method for conducting the test or for admission of the test result into evidence.

*Id.* at ¶ 7. *See also Kiecker*, 2005 ND 23, ¶ 11, 691 N.W.2d 266, where the Supreme Court held: "The Department was not required to furnish the hearing officer with a recalibration certificate to prove the Intoxilyzer test was fairly administered, because the recalibration of an Intoxilyzer machine after it has been moved is not expressly included in the prescribed methods provided by the State Toxicologist."

[¶ 6] The test result and checklist generated in the administration of the test in this case are printed on a "Form 106–KB–EP." The first paragraph of a June 15, 2003, document promulgated by the State Toxicologist entitled "APPROVED METHOD TO CONDUCT BREATH TESTS WITH THE INTOXILYZER 5000 KB–EP" and entered as an exhibit in this case, states:

The Approved Method to Conduct Breath Tests With the Intoxilyzer 5000 KB–EP constitutes following the procedure outlined in this document and the instructions displayed by the Intoxilyzer. All operators will type the information requested and answer the questions when prompted. Periodically, the Intoxilyzer 5000 KB–EP will ask if the operator wishes to review the inputted information. The operator may review and

correct the data as needed. The Test Record and Checklist will be printed as Form 106–KB–EP, at the completion of the subject test. Upon review, if any of the data printed is incorrect, the operator may amend the test record by crossing out the incorrect inputted data and printing the correction on the test record.

The last sentence of that document states: "When the test is conducted according to this method, it is considered as fairly administered and the result obtained is scientifically accepted as accurate."

[¶ 7]   The approved method entered as an exhibit in this case does not refer to any checklist other than the one generated in the course of administering the test and shown in the printout with the test result. In light of *Scialdone,* 2005 ND 24, 691 N.W.2d 198, *Kiecker,* 2005 ND 23, 691 N.W.2d 266, and *Bosch,* 2005 ND 12, 691 N.W.2d 260, we conclude that the admission of another checklist is not a foundational requirement for admissibility of the test result generated in a breath test conducted with an Intoxilyzer 5000 KB–EP and printed on a "Form 106–KB–EP."

### III

[¶ 8]   Affirmed.

[¶ 9] EVERETT NELS OLSON, S.J., BENNY A. GRAFF, S.J., and WILLIAM F. HODNY, S.J., concur.