2008 ND 10

**James LENO, Petitioner and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

No. 20070213.

Supreme Court of North Dakota.

Jan. 17, 2008.

Justin J. Vinje, Vinje Law Firm, Bismarck, N.D., for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] James Leno appeals a district court judgment affirming an administrative hearing officer's decision to suspend his driving privileges for driving under the influence of alcohol. We affirm.

I

[¶ 2] Bismarck Police Officer John Butman arrested Leno for driving under the influence of intoxicating liquor. Leno was transported to the Bismarck Police Department, where an Intoxilyzer test showed he had an alcohol concentration of 0.12 percent by weight. Leno requested a hearing in front of the Department of Transportation to contest the suspension of his driving privileges.

[¶ 3] During the administrative hearing, the officer testified to the circumstances of the stop and arrest of Leno. The officer testified that he is certified to use the Intoxilyzer 5000 KB–EP, that he is familiar with the approved method for conducting a breath test, and that he followed the approved method. The Department offered, among other documents, the list of certified operators, the list of approved devices, the State Toxicologist's approved method for using the Intoxilyzer 5000 KB–EP, the standard solution certificate, and the test record and checklist for the driver. Leno objected to the introduction of the Intoxilyzer test record, claiming the test was not fairly administered.

[¶ 4] Leno introduced evidence indicating the Intoxilyzer 5000 KB–EP machine used in this case was inspected at the Office of Attorney General Crime Lab and the test was administered at the Bismarck Police Department. Leno also introduced evidence from the Intoxilyzer 5000 KB–EP student manual stating that a calibration check must be completed each time the machine is moved. There was no evidence presented by the Department as to whether a calibration check had been completed after the machine was moved. The hearing officer overruled Leno's objection, concluding the approved method to conduct

breath tests takes precedence over the student manual. The hearing officer found the Intoxilyzer testing was done in accordance with the State Toxicologist's approved method, with results showing an alcohol concentration of 0.12 percent within two hours of the observed time of driving. Leno's driving privileges were suspended for 365 days. Leno appealed the hearing officer's decision to the district court, which affirmed the hearing officer's decision.

[¶ 5] Leno timely requested an administrative hearing under N.D.C.C. § 39–20–05. The hearing officer had jurisdiction under N.D.C.C. § 39–20–05. The notice of appeal from the Department of Transportation's decision to the district court was properly filed within seven days under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 39–20–06. Leno filed a timely notice of appeal from the district court judgment under N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–32–49.

## II

■ [¶ 6] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs the review of a decision to suspend a driver's license. *Kiecker v. N.D. Dep't of Transp.*, 2005 ND 23, ¶ 7, 691 N.W.2d 266. The district court, under N.D.C.C. § 28–32–46, and this Court, under N.D.C.C. § 28–32–49, must affirm an agency's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 7] In *Kiecker*, we discussed our standard of review of an administrative agency's decision.

On appeal, courts "must review an appeal from the determination of an administrative agency based only on the record filed with the court." When reviewing an administrative agency's factual findings, "we do not make independent findings of fact or substitute our judgment for that of the agency." We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. "An agency's decisions on questions of law are fully reviewable."

2005 ND 23, ¶ 8, 691 N.W.2d 266 (citations omitted).

## III

■ [¶ 8] On appeal, Leno argues the Department of Transportation was required to show that the Intoxilyzer 5000 machine had been recalibrated following

its move; otherwise, the test could not be considered fair. In *Kiecker*, we held the Department was not required to show the Intoxilyzer machine had been recalibrated to prove the Intoxilyzer test was fairly administered. *Id.* at ¶ 11; *see also City of Grand Forks v. Scialdone*, 2005 ND 24, ¶ 7, 691 N.W.2d 198 ("Neither N.D.C.C. § 39–20–07(5) nor the approved method promulgated by the State Toxicologist mentions either the student manual or anything about completing checks on the calibration when an Intoxilyzer 5000 machine is moved. We conclude that evidence of such checks is not a foundational requirement for showing an Intoxilyzer 5000 test was administered in accordance with the approved method for conducting the test or for admission of the test result into evidence.").

[¶ 9] Leno's argument here appears to be that although the test results were properly admitted, the finding that the test results established an alcohol concentration above the legal limit is against the weight of the evidence because the evidence does not establish that the machine had been recalibrated after a move. Under N.D.C.C. § 28–32–46(5), we will reverse an agency's decision if its findings of fact are not supported by a preponderance of the evidence. When deciding whether a preponderance of the evidence supports an agency's findings, we do not re-weigh the evidence or substitute our judgment for that of the agency. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Id.* We conclude the Department's findings that the Intoxilyzer test was done in accordance with the State Toxicologist's approved method and that Leno had an alcohol concentration above the legal limit are supported by the preponderance of the evidence.

IV

[¶ 10] The district court's judgment is affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.