2015 ND 273

**Christopher L. WILLIAMSON,**
**Appellant**

v.

**DIRECTOR, NORTH DAKOTA DE-**
**PARTMENT OF TRANSPOR-**
**TATION, Appellee.**

No. 20150179.

Supreme Court of North Dakota.

Dec. 1, 2015.

Michael R. Hoffman, Bismarck, ND, for plaintiff and appellant.

Douglas B. Anderson, Office of Attorney General, Bismarck, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Christopher Williamson appeals from a district court order affirming the Department of Transportation hearing officer's decision to suspend his driving privileges for two years. Williamson argues the district court erred by receiving evidence that was not adequately authenticated. We affirm.

I

[¶ 2] Officer Travis Martinson stopped Williamson after he drove over a fire hose at a fire scene. Martinson smelled alcohol in Williamson's vehicle and noticed Williamson had bloodshot, watery eyes and slurred speech. Williamson refused field sobriety tests but consented to perform an onsite screening test under N.D.C.C. § 39–20–14. The onsite screening test estimated Williamson's blood alcohol content was greater than permitted for operating a vehicle and Martinson arrested Williamson. Martinson took Williamson to the Williams County Correctional Center and Sergeant Randy Haugenoe administered an Intoxilyzer 8000 chemical test. The Intoxilyzer reported Williamson had a blood alcohol concentration of 0.231 percent by weight.

[¶ 3] The hearing officer introduced the Intoxilyzer report at the administrative hearing. To admit such evidence using the statutory shortcut, N.D.C.C. § 39–20–07(5) requires the director of the state crime laboratory or the director's designee to approve the methods, devices and the qualifications of the individuals administrating the blood test. Williamson objected, alleging the statutory requirements were not met and the report was inadmissible for lack of foundation. The hearing officer concluded the test was fairly administered, the objection was overruled and the hearing officer's suspension of Williamson's driving privileges for two years was not in error. The Williams County district court affirmed the decision. Williamson appeals.

II

[¶ 4] This Court reviews the agency order in the same manner as the district court in an administrative appeal. N.D.C.C. § 28–32–49. The administrative agency's order must be affirmed unless the order is not in accordance with the law, the appellant has not had a fair hearing, the findings of fact or conclusions of law are not supported by a preponderance of the evidence or the findings made by the agency do not sufficiently explain its rationale. N.D.C.C. § 28–32–46.

[¶ 5] In its review, this Court gives great deference to the agency's decision:

"'We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.' *Barros [v. N.D. Dep't of Transp.]*, 2008 ND 132, ¶ 8, 751 N.W.2d 261 (quoting *Kiecker v. N.D. Dep't of Transp.*, 2005 ND 23, ¶ 8, 691 N.W.2d 266). A hearing officer's evidentiary rulings are reviewed under the abuse of discretion standard. *Potratz v. N.D. Dep't of Transp.*, 2014 ND 48, ¶ 7, 843 N.W.2d 305. 'A hearing officer abuses her discretion when she acts in an arbitrary, unreasonable, or capricious manner or misapplies or misinterprets the law.' *Dawson v. N.D. Dep't of Transp.*, 2013 ND 62, ¶ 12, 830 N.W.2d 221."

*Filkowski v. Director, North Dakota Dept. of Transp.*, 2015 ND 104, ¶ 6, 862 N.W.2d 785.

### III

[¶ 6] Williamson argues the Intoxilyzer breath test result was inadmissible due to a lack of foundation because the designee, Charles Eder, was not qualified for purposes of breath testing. "Admissibility of chemical test results of a driver's blood alcohol content is governed by N.D.C.C. § 39–20–07." *Doll v. N.D. Dep't of Transp.*, 2005 ND 62, ¶ 9, 693 N.W.2d 627. The relevant portion of N.D.C.C. § 39–20–07(5) provides:

"The director of the state crime laboratory or the director's designee is authorized to approve satisfactory devices and methods of chemical analysis and determine the qualifications of individuals to conduct such analysis, and shall issue a certificate to all qualified operators who exhibit the certificate upon demand of the individual requested to take the chemical test."

[¶ 7] The chemical test result must be received in evidence if the sample was properly obtained, the test was fairly administered, and the test is shown to have been performed according to methods and with devices approved by the state crime laboratory director or his designee. *Id.*

[¶ 8] Williamson relies on *Frank v. N.D. Dept. of Transp.*, 2014 ND 158, ¶ 11, 849 N.W.2d 248. In *Frank*, this Court held, "[b]ecause the record does not contain prima facie evidence Eder was a designee of the director, we conclude proper foundation for the Intoxilyzer test results was not laid, and the administrative hearing officer erred in admitting the Intoxilyzer test results." Unlike *Frank*, the evidence in this case supports Eder's qualification as an appropriate designee. Exhibit 13 is an Appointment from the Office of Attorney General certifying Eder as a State Toxicologist. Exhibit 15 is a memorandum from the Office of Attorney General listing Eder as a person "authorized to act as a designee of the director of the Crime Laboratory ... until the authorization is revoked or terminated." Exhibit 15 also contains the Office of Attorney General's statement authorizing Eder to "sign and certify records as a designee of the Director of the State Crime Laboratory...."

[¶ 9] Foundation for the admissibility of the Intoxilyzer report was further laid by Deb Kashur and Sergeant Haugenoe. Exhibit 15 includes a memorandum from the Office of Attorney General authorizing Kashur to approve methods and devices, certify operators and appoint inspectors for breath alcohol testing programs, as well as sign and certify records of the State Crime Laboratory. Kashur executed a certification page for both the List of

Certified Chemical Test Operators and the List of Approved Chemical Testing Devices, which were admitted into evidence. Kashur signed and dated each page of each list. Haugenoe testified he is a certified chemical test operator for the Intoxilyzer. Testimony of law enforcement can establish fair administration of a chemical test. *Schlosser v. N.D. Dept. of Transp.*, 2009 ND 173, ¶ 11, 775 N.W.2d 695.

[¶ 10] The hearing officer relied on the memorandum in Exhibit 15 which specifically named Eder as designee. The hearing officer reasoned,

> "The memo specifically says that the persons are authorized to act as designee until revoked or terminated. There's no language that Charles Eder's role as a designee has been terminated. And the purposes covered by that legislation include what's been covered under 39–20 for purposes of approving methods, devices, operators. There's nothing in the designee of Deb Kashur that makes her exclusive."

[¶ 11] In its review, the district court concluded "an objective examination of the record indicate[d] to [its] satisfaction that a reasoning mind could have reasonably determined that the factual conclusions reached ... were indeed proved by the weight of the evidence...." The hearing officer's and district court's decisions are in accordance with the law. This Court has similarly concluded that a designee of the director of the state crime laboratory for the purposes of signing and certifying records, but not for approving the methods and devices, can lay foundation for admission of blood test results. *See State v. Filkowski*, 2015 ND 194, 868 N.W.2d 353; *State v. Korynta*, 2015 ND 227, ¶ 2, 2015 WL 5813674. The hearing officer did not act arbitrarily, unreasonably or capriciously admitting the Intoxilyzer report.

**IV**

[¶ 12] Evidence in this case supported the hearing officer's ruling. Because the administrative agency's ruling did not constitute an abuse of discretion, the order is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.