2008 ND 105

Corey RICHTER, Petitioner
and Appellant

v.

NORTH DAKOTA DEPARTMENT OF
TRANSPORTATION, Respondent
and Appellee.

No. 20080036.

Supreme Court of North Dakota.

June 5, 2008.

Jodi L. Colling, Dickson Law Office, Bismarck, ND, for petitioner and appellant.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Corey Richter appealed a district court judgment affirming a North Dakota Department of Transportation ("DOT") decision to suspend his driving privileges for four years. We reverse and remand for further proceedings in accordance with this opinion.

I.

[¶ 2] In July 2007, North Dakota Game and Fish wardens watched Richter back into a vehicle, then leave to park in an adjacent parking lot. As Richter backed into the parking spot, wardens approached him and informed him that he had hit a vehicle in the other parking lot. Richter and the wardens walked to the other parking lot to examine the vehicle. According to Richter, he asked the wardens if he could leave a note on the vehicle or look

for the vehicle's owner in a nearby bar because he did not believe the damage done to the vehicle exceeded $1,000. He said the wardens called their supervisor, who told them to call police. Richter said the wardens told him he had to wait for police to arrive.

[¶ 3] The responding police officer suspected Richter was driving under the influence after smelling alcohol on Richter's breath and seeing him sway in the wind. After refusing to perform field sobriety tests or take onsite screening tests, Richter was arrested on suspicion of DUI.

[¶ 4] Following his arrest, Richter requested a hearing on the attempted suspension of his driving privileges. Richter testified regarding the actions of the wardens but the wardens did not testify at the hearing. The police officer testified the damage to the vehicle exceeded $1,000 and that he based his suspicions of DUI on the smell of alcohol on Richter's breath and seeing Richter sway in the wind.

[¶ 5] In closing arguments, Richter argued any evidence obtained through the illegal seizure of his person by the wardens should be suppressed and "kept out of evidence." The hearing officer concluded he did not have authority to suppress evidence and found the police officer had reason to believe Richter committed a moving traffic violation, was involved in a traffic accident and had alcohol in his body.

## II.

[¶ 6] The Administrative Agencies Practice Act governs the review of administrative license suspensions. *Larsen v. N.D. Dept. of Transp.*, 2005 ND 51, ¶ 4, 693 N.W.2d 39. An administrative agency decision must be affirmed unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. On appeal from a district court's review of an administrative agency's decision, this Court also reviews the agency's decision. *See* N.D.C.C. § 28–32–49; *Elshaug v. Workforce Safety and Ins.*, 2003 ND 177, ¶ 12, 671 N.W.2d 784.

[¶ 7] Richter contends the wardens illegally seized him by forcing him to remain at the scene of the accident without the authority to do so and that all evidence obtained as a result of the illegal seizure should have been excluded by the hearing officer. He argues the wardens acted outside their statutory authority when detaining him at the scene of the accident. Because the DOT does not contend the wardens were acting within their statutory jurisdictional limits, we do not address this issue. However, the DOT does argue there was no illegal seizure because the wardens made a valid citizen's arrest when they detained Richter.

[¶ 8] While the district court determined there was no illegal seizure of Richter because a valid citizen's arrest had occurred, the hearing officer made no findings of fact regarding whether there was a valid citizen's arrest or an illegal seizure nor whether any evidence was obtained from an illegal seizure. The hearing officer only made the determination that he did not have the authority to suppress evidence. It is the agency's decision we review on appeal. *See Elshaug,* at ¶ 12.

[¶ 9] Section 28–32–24(3), N.D.C.C., states:

> Upon proper objection, evidence that is irrelevant, immaterial, unduly repetitious, or excludable on constitutional or statutory grounds, or on the basis of evidentiary privilege recognized in the courts of this state, may be excluded. In the absence of proper objection, the agency, or any person conducting a proceeding for it, may exclude objectionable evidence.

The hearing officer erroneously concluded he did not have the authority to exclude evidence and did not make any findings of fact regarding whether evidence should be excluded because the wardens illegally detained Richter. Under N.D.C.C. § 28–32–46, if we do not affirm the order of the agency, the order "must be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the order of the court." We therefore reverse under N.D.C.C. § 28–32–46(7) and remand for the hearing officer to make findings of fact that sufficiently address the evidence presented to the agency by the appellant.

[¶ 10] In determining whether the evidence should be excluded, the hearing officer should determine whether a valid citizen's arrest occurred or whether Richter was illegally seized by the wardens. If the evidence was the result of an illegal sei-zure, the hearing officer has the authority to exclude the evidence obtained from that illegal seizure under N.D.C.C. § 28–32–24(3).

### III.

[¶ 11] We reverse and remand for further proceedings in accordance with this opinion.

[¶ 12] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.