Filed 4/2/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 39

Kevin John Sturn, Petitioner and Appellee

v.

Director, North Dakota Department 

of Transportation, Respondent and Appellant

No. 20080199

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

REVERSED.

Opinion of the Court by VandeWalle, Chief Justice.

Thomas M. Tuntland, P.O. Box 1315, Mandan, N.D. 58554-7315, for petitioner and appellee.

Michael Trent Pitcher, Assistant Attorney General, Office of Attorney General, 500 North 9th Street, Bismarck, N.D. 58501-4509, for respondent and appellant.

Sturn v. Director, North Dakota Dep’t of Transp.

No. 20080199

VandeWalle, Chief Justice.

[¶1] The North Dakota Department of Transportation (“Department”) appealed from a district court judgment reversing an administrative hearing officer’s decision that suspended the driving privileges of Kevin Sturn for 91 days following his arrest for driving under the influence of intoxicating liquor.  Because we conclude the arresting officer had a reasonable and articulable suspicion to justify stopping Sturn’s vehicle, we reverse the judgment and reinstate the Department’s decision.

I

[¶2] On March 2, 2008, at approximately 12:39 a.m., North Dakota Highway Patrol Officer Jeremiah Bohn was traveling westbound while patrolling Memorial Bridge between Bismarck and Mandan when he noticed a vehicle approaching him “rather quickly.”  Officer Bohn testified that he then activated his patrol car’s moving radar out of the rear antenna and identified the approaching vehicle as traveling 36 miles per hour in a 25-mile-per-hour zone.  Officer Bohn pulled his patrol vehicle over and allowed the approaching vehicle to pass because they were in a construction zone which was “very constricted.”  After allowing the vehicle to pass, Officer Bohn activated his patrol vehicle’s emergency lights and stopped the vehicle at the nearest safe spot, which was at the entrance ramp to Interstate 94, heading southbound into Mandan.

[¶3] Upon approaching the stopped vehicle, Officer Bohn identified the driver as Sturn and noticed an odor of an alcoholic beverage.  Officer Bohn observed that Sturn had bloodshot, watery eyes.  When he asked for Sturn’s license, registration, and insurance card, Officer Bohn could see that Sturn was having difficulty and was fumbling with the documents as he retrieved them.  Officer Bohn testified that he then asked Sturn to exit his vehicle and sit in the front seat of his patrol car.  Once inside Officer Bohn’s car, Officer Bohn noticed that the odor of an alcoholic beverage persisted.

[¶4] Officer Bohn had Sturn perform several field sobriety tests, and Sturn failed the horizontal gaze nystagmus (“HGN”) test, the backwards count test, and the finger count test.  Officer Bohn then administered the SD-2 on-site screening test, and the device estimated that Sturn had a blood alcohol content in excess of the legal limit.  Officer Bohn placed Sturn under arrest for driving while under the influence of an intoxicating liquor.  Sturn agreed to submit to a blood test, and Sturn’s blood sample was found to have an alcohol concentration of .09 percent by weight.  Officer Bohn issued Sturn a Report and Notice form including a temporary operator’s permit following his arrest.  Sturn requested an administrative hearing before the Department.  

[¶5] After a March 2008 hearing, an administrative hearing officer issued findings of fact, conclusions of law, and order suspending Sturn’s driving privileges for 91 days.  Sturn appealed the administrative decision to the district court.  In June 2008, the district court reversed the Department’s administrative suspension of Sturn’s driving privileges.  The district court held that there was “no foundational evidence that [Officer Bohn’s] radar was working properly and that [Officer Bohn] was certified to operate the radar device.  Without the foundational evidence, [Officer Bohn’s] testimony concerning the speed of Sturn’s vehicle is an unsubstantiated conclusion and did not provide a reasonable and articulable suspicion that Sturn was violating the law.”  The district court entered judgment on June 30, 2008, and the Department appealed.

II

[¶6] The Administrative Agencies Practice Act, 
N.D.C.C. ch. 28-32, governs the review of an administrative suspension of a driver’s license.  
Richter v. North Dakota Dep’t of Transp.
, 2008 ND 105, ¶ 6, 750 
N.W.2d
 430.  An administrative agency decision must be affirmed unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

 

N.D.C.C. § 28-32-46.  

[¶7] On appeal from the district court’s review, we also review the administrative agency’s decision.  N.D.C.C. § 28-32-49; 
see
 
Richter
, 2008 ND 105, ¶ 6, 750 N.W.2d 430; 
Sayler v. North Dakota Dep’t of Transp.
, 2007 ND 165, ¶ 6, 740 N.W.2d 94.  On appeal, this Court “review[s]
 an appeal from the determination of an administrative agency based only on the record filed with the court.”  
N.D.C.C. §
 28-

32-46; 
see
 
Sayler
, at ¶ 7.  

When reviewing an administrative agency’s factual findings, “we do not make independent findings of fact or substitute our judgment for that of the agency.”  We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.  “An agency’s decisions on questions of law are fully reviewable.” 

 

Kiecker v. North Dakota Dep’t of Transp.
, 2005 ND 23, ¶ 8, 691 
N.W.2d
 266 (citations omitted).  This Court gives deference to the Department’s sound findings, but we review questions of law de novo.  
Sayler
, at ¶ 7; 
Gabel v. North Dakota Dep’t of Transp.
, 2006 ND 178, ¶ 8, 720 
N.W.2d
 433.

III

[¶8] The Department argues the district court erred in reversing the administrative decision because Officer Bohn had sufficient grounds to stop Sturn’s vehicle.

[¶9] For a valid stop of a moving vehicle for investigative purposes, an officer must have a reasonable and articulable suspicion that a law has been or is being violated.  
State v. Fasteen
, 2007 ND 162, ¶ 6, 740 
N.W.2d
 60.  

The reasonable suspicion standard is less stringent than probable cause. Although the concept of reasonable suspicion is not readily reduced to a neat set of legal rules, it does require more than a “mere hunch.”  In determining whether an investigative stop is valid, we employ an objective standard and look to the totality of the circumstances.  Reasonable suspicion for a stop exists when a reasonable person in the officer’s position would be justified by some objective manifestation to believe the defendant was, or was about to be, engaged in unlawful activity.

 

State v. Decoteau
, 2004 ND 139, ¶ 11, 681 
N.W.2d
 803 (quoting 
State v. Corum
, 2003 ND 89, ¶ 10, 663 N.W.2d 151 (citations omitted)).  “Probable cause to believe a motorist has violated a traffic law renders the stop reasonable and the evidence obtained from the stop admissible.”  
Fasteen
, at ¶ 6.  It is also well-settled that traffic violations, even if common or minor, provide an officer with the requisite grounds for conducting an investigatory vehicle stop.  
Id.
; 
Zimmerman v. North Dakota Dep’t of Transp. Dir.
, 543 
N.W.2d
 479, 482 (N.D. 1996).  

[¶10] To determine whether an investigatory stop is valid, this Court considers the totality of the circumstances and examines the information known to the officer at the time of the stop.  
State v. Skarsgard
, 2007 ND 160, ¶¶ 7-8, 739 
N.W.2d
 786.  Speeding violations constitute sufficient reason for an officer to stop a vehicle.  
See, e.g.
, 
State v. Tollefson
, 2003 ND 73, ¶ 10, 660 
N.W.2d
 575 (holding sufficient reason for officer to stop defendant’s vehicle after officer used a radar gun to establish defendant’s vehicle was traveling in excess of the speed limit); 
State v. Storbakken
, 552 
N.W.2d
 78, 81 (N.D. 1996) (holding exceeding speed limit by traveling at 40 miles per hour in a 30-mile-per-hour zone constituted sufficient reason for officer to stop the vehicle); 
McNamara v. Director of North Dakota Dep’t of Transp.
, 500 
N.W.2d
 585, 587 (N.D. 1993) (holding officer’s observation of defendant driving in turn-only lane and that officer clocked defendant on radar traveling seven miles over the speed limit were sufficient to raise reasonable and articulable suspicion to stop defendant’s vehicle). 

[¶11] In this case, the hearing officer specifically found that Officer Bohn “saw a vehicle that appeared to be exceeding the speed limit.”  The hearing officer found that Officer Bohn “clocked [the vehicle] on radar at 36 mph in a 25 mph construction zone, then stopped it for speeding.”  In reversing the hearing officer’s decision, the district court held that Officer Bohn’s testimony concerning the speed of Sturn’s vehicle was an “unsubstantiated conclusion,” and did not provide reasonable and articulable suspicion because there was no evidence that the radar was working properly and that the officer was certified to operate the radar device.  

[¶12] Under North Dakota law, however, the results of a radar check constitute prima facie evidence of a vehicle’s speed:

The speed of any motor vehicle may be checked by the use of radio microwaves or other electrical device.  The results of such checks shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceedings where the speed of the motor vehicle is at issue.  The driver of any such motor vehicle may be arrested without a warrant under this section, provided the arresting officer is in uniform or displays the officer’s badge of authority; provided that such officer has observed the record of the speed of such motor vehicle by the radio microwaves or other electrical device, or has received a radio message from the officer who observed the speed of the motor vehicle recorded by the radio microwaves or other electrical device. . . .

.

N.D.C.C. §
 39-03-15.  
Cf.
 
State v. Albers
, 211 
N.W.2d
 524, 525 (N.D. 1973) (noting that this Court is “not at liberty to legislate and find that stopwatch readings are prima facie evidence of speeding, as was done . . . with respect to radar speed detection” and holding “that, in the absence of legislation to the contrary, the accuracy of the speed detection device must be proved to the satisfaction of the trier of the facts . . .”).

[¶13] Sturn argues that a reasoning mind could not conclude Officer Bohn had sufficient reasonable suspicion to justify a stop because there was no evidence that Officer Bohn knew how to operate the radar device, that he was correctly operating the device, or that the device was properly functioning.  However, as we have said, “The officer’s grounds for making the stop, if valid, need not ultimately result in a conviction.”  
Storbakken
, 552 
N.W.2d
 at 81.

[¶14] Here, although 
N.D.C.C. §
 39-03-15 requires the results of a radar speed check be accepted as prima facie evidence of the speed of the motor vehicle, Officer Bohn’s testimony was not offered for purposes of establishing a conviction for a speeding violation.  Officer Bohn’s testimony was instead offered to establish that a reasonable person in the officer’s position would be justified by some objective manifestation to suspect potential unlawful activity.  
See
 
Skarsgard
, 2007 ND 160, ¶ 7, 739 
N.W.2d
 786.  Officer Bohn testified that he noticed Sturn’s vehicle approaching “rather quickly,” such that he activated his patrol car’s moving radar.  Officer Bohn testified over Sturn’s counsel’s objection that “[t]he radar indicated [Sturn’s vehicle was] traveling 36 in a 25 mile per hour zone.”  Officer Bohn also testified that this occurred within a construction zone and that he had to let the vehicle pass in order to pull it over in a safe spot.  Officer Bohn needed only to possess a reasonable and articulable suspicion to stop Sturn’s vehicle, which the hearing officer found was established at the hearing.  

[¶15] We conclude the hearing officer’s findings of fact are supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision is in accordance with the law.

IV

[¶16] We reverse the district court judgment and remand for reinstatement of the administrative suspension of Sturn’s driving privileges.

[¶17] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner