2009 ND 173

**Brock Joel SCHLOSSER, Petitioner and Appellee**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

No. 20090156.

Supreme Court of North Dakota.

Nov. 19, 2009.

Chad R. McCabe, Bismarck, ND, for petitioner and appellee. Submitted on brief.

Michael T. Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellant. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] The North Dakota Department of Transportation appealed from the district court's judgment reversing the Department's suspension of Brock Joel Schlosser's driver's license. On appeal, the Department argues that the officer's testimony was sufficient to overcome its failure to introduce Form 104 into evidence. Form 104 lists the steps that the officer and nurse must follow when collecting a blood sample and submitting it to the North Dakota Crime Laboratory. We affirm the district court's judgment because the officer's conclusory testimony was insufficient to establish that the blood test sample had been properly obtained, and was therefore insufficient to establish the test was fairly administered according to the State Toxicologist's approved methods.

I.

[¶ 2] In September 2008, a North Dakota Highway Patrol officer pulled Schlosser over for erratic driving behavior and displaying expired license tabs. While speaking with Schlosser, the officer observed an odor of an alcoholic beverage coming from Schlosser and that he had bloodshot eyes. The officer administered field sobriety tests, including a preliminary breath test that resulted in a blood alcohol concentration greater than .08 percent. The officer arrested Schlosser for driving under the influence of alcohol and gave him the implied consent advisory. Schlosser expressly consented to chemical testing and the officer took him to the police department for a blood draw.

[¶ 3] At the police department, the officer and a registered nurse performed a blood draw. During the administrative hearing, the officer testified regarding Form 104:

MS. VARVEL: Did you and the nurse complete the Form 104?

SGT. SKOGEN: Yes, we did.

MS. VARVEL: I am referring you now to the Form 104 directions for blood

sample collection and submission.... [D]id you ascertain that each of the listed steps was correctly completed?

SGT. SKOGEN: Yes, I did.

The officer did not testify in more detail about how the steps listed on Form 104 were completed. The hearing officer admitted the completed Form 104 into evidence, without the bottom portion of the form that was to be completed and retained by the officer. Schlosser objected, arguing that the test itself did not demonstrate that all the steps were performed, and that the officer's testimony was insufficient to show that the test was fairly administered. The hearing officer overruled Schlosser's objection. A blank Form 104, including the bottom portion, was admitted into evidence, as well. Schlosser moved to dismiss the administrative proceedings, arguing that the documents and the officer's testimony were insufficient to show that the blood test was fairly administered. The hearing officer denied Schlosser's motion.

[¶ 4] The hearing officer found that a registered nurse drew Schlosser's blood within two hours of his driving and the blood was tested "in accordance with the state toxicologist's approved method." The blood test indicated that Schlosser's blood alcohol concentration was greater than .08 percent. The hearing officer concluded that the officer had reasonable grounds to believe that Schlosser was driving under the influence of alcohol, that he was "properly tested," and that his blood alcohol concentration was greater than .08 percent within two hours of the time he was driving. Based on these findings of fact and conclusions of law, the hearing officer suspended Schlosser's driver's license for 365 days.

[¶ 5] Schlosser appealed the hearing officer's decision to the district court. Schlosser argued that the Department had failed to show the blood test was properly administered because the completed bottom portion of Form 104 was not admitted into evidence at the hearing. The district court reversed the hearing officer's decision, stating, "The trooper's conclusory statement is not sufficient to provide evidence that the test was properly administered." The district court concluded that the hearing officer's findings of fact were not supported by the evidence.

## II.

[¶ 6] This Court's review of an administrative suspension of a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Steinmeyer v. Dep't of Transp.*, 2009 ND 126, ¶ 7, 768 N.W.2d 491 (citing *Sturn v. Dir., N.D. Dep't of Transp.*, 2009 ND 39, ¶ 6, 763 N.W.2d 515). This Court must affirm an administrative agency's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of [N.D.C.C. ch. 28–32] have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently ex-

plain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*Id.* (citing N.D.C.C. § 28–32–46).

[¶ 7] On appeal from the district court's review of the administrative agency, this Court also reviews the administrative agency's decision. *Id.* at ¶ 8 (citing N.D.C.C. § 28–32–49; *Sturn*, 2009 ND 39, ¶ 7, 763 N.W.2d 515). This Court reviews only the record that was submitted to the district court and does not make independent findings of fact or substitute its judgment for the agency's. *Id.* (citing N.D.C.C. § 28–32–46; *Sturn*, at ¶ 7; *Kiecker v. N.D. Dep't of Transp.*, 2005 ND 23, ¶ 8, 691 N.W.2d 266). "We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Id.* (citing *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979)). "If the hearing officer's findings of fact are supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision is supported by the conclusions of law, we will not disturb the decision." *Abernathey v. Dep't of Transp.*, 2009 ND 122, ¶ 7, 768 N.W.2d 485 (quoting *Brewer v. Ziegler*, 2007 ND 207, ¶ 4, 743 N.W.2d 391). This Court reviews questions of law de novo and gives deference to the agency's sound findings of fact. *Steinmeyer*, at ¶ 8 (citing *Sturn*, at ¶ 7; *Sayler v. N.D. Dep't of Transp.*, 2007 ND 165, ¶ 7, 740 N.W.2d 94).

### III.

[¶ 8] The Department argues that the hearing officer's determination that the blood test was fairly administered was supported by a preponderance of the evidence. Specifically, the Department argues that the officer's testimony was suffi-cient to overcome its failure to admit the bottom portion of Form 104 into evidence.

[¶ 9] The admission of a blood alcohol test report is governed by N.D.C.C. § 39–20–07. *State v. Jordheim*, 508 N.W.2d 878, 881 (N.D.1993). This statute "purposely eases the burden of the prosecution in laying an evidentiary foundation for a blood-alcohol report." *Id.* (citing *State v. Schwalk*, 430 N.W.2d 317, 322 (N.D.1988)). This Court has previously identified the statute's four foundational elements that must be documented or demonstrated prior to the admission of the test report:

> First, the sample must be properly obtained. Second, the blood test must be fairly administered. Third, the method and devices used to test the sample must be approved by the State Toxicologist. Finally, the blood test must be performed by an authorized person or by one certified by the State Toxicologist as qualified to perform it.

*Id.*

[¶ 10] To use the shortcut provided by N.D.C.C. § 39–20–07, the documents and testimony must show "scrupulous compliance with the methods approved by the State Toxicologist." *Id.* at 882. If scrupulous compliance with the methods approved by the State Toxicologist is not shown, then the Department must introduce expert testimony to establish fair administration of the test. *Id.* (citing *Schwalk*, 430 N.W.2d at 324; *State v. Nygaard*, 426 N.W.2d 547, 549 (N.D.1988)).

[¶ 11] A completed Form 104 can be used to show fair administration of the test, chain of custody, and compliance with the State Toxicologist's approved methods. *Id.* at 881 (citing *McNamara v. Dir., N.D. Dep't of Transp.*, 500 N.W.2d 585, 589–90 (N.D.1993); *Schwalk*, 430 N.W.2d at 322.) This Court has further explained how Form 104 is used:

As revised, Form 104 has three sections that correspond to the conduct of the three people who normally participate in administering the blood test. The top half of the form includes the name of the person whose blood is drawn, and a list of directions for both the specimen collector and the recipient of the sample at the laboratory. The bottom half of the form contains a similar list for the specimen submitter. The submitter, who will usually be a police officer, is directed to retain this half of Form 104 in police records, undoubtedly for later evidentiary use. These lists on the form [enable] the actors to complete, sign, and certify that the State Toxicologist's directions have been followed.

*Id.* at 881–82. While introducing Form 104 is a shortcut to show fair administration, chain of custody, and compliance with the approved method, this Court has previously allowed an officer's testimony to overcome the failure to introduce a complete Form 104.

[¶ 12] In *Jordheim,* the State failed to introduce the bottom portion of Form 104. *Id.* at 882. However, the officer testified to the steps that he followed when conducting the blood draw. *Id.* He testified, "I received the container. I sealed it. I initialed the seal and everything. I filled out the rest of the proper paper work. I put it back in the canister. I sealed the canister." *Id.* at 880. The officer's testimony, along with the documents the State introduced, "established fair administration through scrupulous compliance with Form 104." *Id.* at 882. In *McNamara,* scrupulous compliance with the methods approved by the State Toxicologist was shown when the officer testified about the completion of each and every step listed on Form 104. *McNamara,* 500 N.W.2d at 590. In *State v. Skarsgard,* the officer forgot to check one of the boxes on Form 104 indicating that a step had been completed, but testified that the step had, in fact, been completed. 2007 ND 160, ¶ 12, 739 N.W.2d 786. This testimony established that the test had been fairly administered. *Id.* at ¶ 13. Conversely, this Court has held that scrupulous compliance with the methods approved by the State Toxicologist and fair administration of the test were not shown when the officer's testimony did not establish that each and every step listed on Form 104 was completed. *State v. Sivesind,* 439 N.W.2d 530, 533 (N.D.1989).

[¶ 13] The record does not reflect the reason the bottom portion of Form 104 was not introduced into evidence. Rather, the Department argues that the officer's testimony establishes that each of the steps listed on Form 104 was completed. The officer responded, "Yes, I did," when asked whether he had ascertained that the steps listed on Form 104 were completed. The officer did not testify about each and every step. The officer's conclusory and perfunctory testimony did not establish that each and every step on Form 104 was completed, and thus did not show scrupulous compliance with the methods approved by the State Toxicologist or fair administration of the blood test. While testimony can overcome the failure to submit a completed Form 104, the testimony in this case is insufficient. We conclude the hearing officer's finding of fact that the test was conducted "in accordance with the state toxicologist's approved method" is not supported by a preponderance of the evidence.

**IV.**

[¶ 14] We affirm the district court's judgment reversing the Department's suspension of Schlosser's driver's license.

[¶ 15] JAMES M. BEKKEN, D.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 16] The Honorable JAMES M. BEKKEN, D.J., sitting in place of SANDSTROM, J., disqualified.